UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERx, LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-465-PLR-HBG |
| | ) | |
| Pioneer Health Services of Oneida, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, ERx, LLC ("ERX"), a contract physician services provider, is suing Pioneer Health Services of Oneida, LLC ("Pioneer"), a healthcare facility, for breach of contract for failure to pay overdue invoices. [R. 1, p. 1]. Pioneer filed a counter-claim alleging ERx first breached the contract and, as such, Pioneer is not liable. [R. 7]. Pioneer has now filed a motion to dismiss for improper venue and to compel arbitration pursuant to the contract's arbitration provision ("Paragraph 17"). [R. 8]. ERx filed a memorandum in opposition to the motion, [R. 12], and the matter is now ripe.

For the reasons set forth below, the motion will be **Denied** and **Mediation will be Compelled**.

### 1. Factual Background

In November 2013, the parties entered into a contract where ERx agreed to provide contract physician services to Pioneer in exchange for payment. [R. 1, p. 2]. ERx alleges that, in the summer of 2015, Pioneer stopped payment on ERx's invoices and owes in excess of $125,000 for services rendered. [R. 1, p. 2-3]. In its answer and counter-claim, Pioneer alleges that, prior to the unpaid invoices, ERx breached its obligation of good faith and fair dealing by

1

providing physicians who were unlicensed or had conflict with insurers, by over-charging Pioneer, falsifying records, and by deliberately leaving Pioneer's emergency room unstaffed. [R. 7, p. 5-7].

The conflict presently before the Court is whether, for the purposes of the breach alleged by ERx, the parties are bound to arbitrate pursuant to the Paragraph 17 of the contract, which provides:

> Should there be a non-monetary dispute between the parties hereto or any asserted breach hereof then the parties bind themselves to seek a resolution through appropriate mediation by selecting an independent mediator to assist them in resolving their dispute. Should they be unable to resolve dispute by mediation, then upon the request of either party, they bind themselves to submit their dispute to binding arbitration. . . . The parties specifically waive the right to a civil trial before a judge and/or jury having elected to resolve disputes in the manner described hereinabove. ERx shall have the right, but not the obligation to submit monetary disputes such as non-payment by Hospital for staffing services or placement fees . . . to mediation or binding arbitration.

[R. 1-1, p. 10-11].

## 2. Discussion

The Supreme Court has interpreted § 2 of the Federal Arbitration Act[1] (the "FAA") as making arbitration agreements "valid, irrevocable, and enforceable" as written (except upon such grounds that would result in the revocation of any contract); "§ 4 requires courts to compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1748 (2011) (citing 9 U.S.C. § 2). The Supreme Court has further interpreted the FAA as establishing that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983),

---

[1] "The FAA preempts any contradictory provision of state law." *Stutler v. T.K. Constructors*, 448 F.3d 343, 345 (6th Cir. 2006) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-12 (2001)).

unless it would "override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated," *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) (internal citation omitted). The Sixth Circuit "has stated even more forcefully that any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 503-04 (6th Cir. 2007) (internal quotations and citations omitted).

The arbitration provision at issue in this case is ambiguous. The first sentence of Paragraph 17 states that upon a nonmonetary dispute or "any asserted breach" of the contract, the parties are bound to submit the dispute to mediation and then, if necessary, arbitration. [R. 1-1]. The contract goes on to state that "ERx shall have the right, but not the obligation to submit monetary disputes such as non-payment by Hospital for staffing services or placement fees . . . to mediation or binding arbitration." [R. 1-1].

Looking only at the contract in question and ERx's complaint, this dispute falls under both of the contradictory terms.[2] According to the first sentence of Paragraph 17, the parties bound themselves to participate in alternative dispute resolution when, as in this case, there is an asserted breach of contract.[3] The latter clause, giving ERx the right but not the obligation to submit monetary disputes to mediation or arbitration, is either irreconcilable with the first, or it

---

[2] "In considering a Rule 12(b)(6) motion, a district court cannot consider matters beyond the complaint." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012) (citation omitted). The court may, however, consider exhibits referred to in the complaint. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).

[3] The word "or" in this sentence is disjunctive. A dispute does not have to be both non-monetary *and* an asserted breach of contract; either condition is sufficient by itself to trigger the alternative-dispute-resolution requirement. In referring to the word "or," the Supreme Court explained that the term's "ordinary use is almost always disjunctive, that is, the words it connects are to be given separate meanings." *United States v. Woods*, 134 S.Ct. 557, 567 (2013); *see also Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 821 (6th Cir. 1999) ("'[O]r' is generally considered a 'disjunctive' term which provides alternatives.").

refers to monetary disputes that somehow do not rise to the level of breaches of contract (whatever that would be). At best the contract is ambiguous, and the courts have routinely held that ambiguities are to be interpreted in favor of coverage by arbitration provisions. *See, e.g., AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986); *Teamsters Local Union 480 v. UPS*, 748 F.3d 281, 289 (6th Cir. 2014) ("The presumption in favor of contractually agreed-upon alternative dispute resolution extends to a range of questions that may arise about a contract.").

In light of the "strong federal policy" favoring arbitration, *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d at 503-04, the Court will resolve the contract's ambiguity by enforcing the alternative-dispute-resolution provision of Paragraph 17. Because this provision expressly provides for mediation to resolve a breach-of-contract dispute, compelled mediation is appropriate. Moreover, the Court has the authority to compel mediation outside of the contract's terms. Under Local Rule 16.4, the Court may refer the dispute to mediation – with or without the agreement of the parties. L.R. 16.4(a); *see AMC Demolition Specialists, Inc. v. Bechtel Jacobs Co.*, 2006 U.S. Dist. LEXIS 69528, *70-71 (E.D. Tenn. Sept. 26, 2006).

### 3. Conclusion

For the reasons stated herein, the defendant's motion to compel arbitration, [R. 8], is **Denied** with leave to refile should mediation fail to resolve the dispute. The parties are **Compelled** to submit this dispute to **Mediation** pursuant to Local Rule 16.4(a) within 90 days of entry of this order.

Considering the present decision to compel mediation, the defendant's motion to dismiss for improper venue, [R. 8], is **Denied as moot with leave to refile** should it be necessary at a later date.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**