UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERx, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-00465 |
| | ) | (REEVES/GUYTON) |
| PIONEER HEALTH SERVICES OF ONEIDA, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral [Doc. 32] of the District Judge.

Now before the Court is the Defendant's Motion for Attorney's Fees [Doc. 31], filed on November 25, 2015. The Plaintiff filed a Response [Doc. 33] in opposition to the Defendant's Motion. The parties appeared before this Court on February 1, 2016. Attorney Gregory Brown was present on behalf of the Plaintiff, and Attorney Andrew Tillman was present on behalf of the Defendant. After reviewing the parties' filings and hearing oral arguments, the Court **RECOMMENDS** that the Defendant's Motion for Attorney's Fees [Doc. 31] be **DENIED**.

I.  BACKGROUND

The Complaint [Doc. 1] in this matter was filed on October 2, 2014, alleging that the Defendant breached a contract when it stopped payment on the Plaintiff's invoices. The Defendant filed an answer and counter-claim [Doc. 7], alleging that the Plaintiff breached its obligation of good faith and fair dealing. The Defendant filed a Motion to Dismiss [Doc. 8]

arguing that the contract contained a forum-selection clause, or in the alternative, the parties were required to mediate and/or arbitrate the dispute. On June 16, 2015, the District Judge found as follows:

> The arbitration provision at issue in this case is ambiguous. The first sentence of Paragraph 17 states that upon a nonmonetary dispute or "any asserted breach" of the contract, the parties are bound to submit the dispute to mediation and then, if necessary, arbitration. [R. 1-1]. The contract goes on to state that "ERx shall have the right, but not the obligation to submit monetary disputes such as non-payment by Hospital for staffing services or placement fees . . . to mediation or binding arbitration." [R. 1-1].

[Doc. 20] (ellipses in the original).

The District Judge continued, "Looking only at the contract in question and ERx's complaint, this dispute falls under both of the contradictory terms." The District Judge resolved the contract's ambiguity by enforcing the alternative-dispute resolution provision and ordering mediation. In addition, the District Judge also cited Local Rule 16.4, which states that the Court may order mediation with or without agreement from the parties.

The parties participated in mediation, but it was unsuccessful. [Doc. 22]. On October 9, 2015, the Defendant filed a Motion to Dismiss [Doc. 23], arguing that the contract contained an agreed upon forum-selection clause or, in the alternative, the parties were required to submit the claims to arbitration. The Plaintiff filed a Motion for Summary Judgment [Doc. 24], arguing that the Defendant was contractually obligated to pay the Plaintiff the amounts due under the invoices.

On November 20, 2015, the District Judge ordered the parties to participate in arbitration [Doc. 29], citing the reasons in the June 16 Order. With respect to the Motion for Summary Judgment, the Court stated, "In light of the Court's previous order, holding that the arbitration

2

provision in the contract should be enforced, the plaintiff's summary judgment is a non-starter. The plaintiff can raise the arguments made in that motion before the arbitrator." [Doc. 29, fn. 1].

Relevant to the instant action, the Defendant requests its expenses and legal fees it incurred in litigating this action.

## II. POSITIONS OF THE PARTIES

As mentioned above, in its Motion [Doc. 31], the Defendant requests $29,037.95, in expenses and legal fees it incurred in litigating this action. The Defendant argues that the contract provides that, "[i]n the event of a breach of this Agreement and mediation, arbitration, or litigation results, the party substantially prevailing (as determined by the mediator, arbitrator and/or court) shall be entitled to recover from the other party its reasonable attorney's fees, costs, and expenses." The Defendant submits that since the Court granted its Motion to Dismiss and enforced the arbitration clause, it is the substantially prevailing party under the contract. The Defendant argues that the lawsuit should not have been filed in this Court and that the Plaintiff breached the contract by filing its lawsuit in federal court.

In the alternative, the Defendant requests that the Court award costs and attorney's fees it incurred after the Court's June 16 Order. The Defendant argues that it should not have been forced to respond to the ill-advised Motion for Summary Judgment given the Court's June 16 Order that the alternative-dispute resolution provision would be enforced. Thus, in the alternative, the Defendant requests $11,857.00 in costs and attorney's fees.

The Plaintiff filed a Response [Doc. 33] arguing that the Defendant did not substantially prevail because the Court did not decide the merits of any claim or defense in this case. Moreover, the Plaintiff denies that it acted vexatiously. The Plaintiff submits that absent statutory authorization or established contrary exceptions, each party bears its own attorney's

3

fees. The Plaintiff submits that it complied with the Federal Rules of Civil Procedure in filing its motions and responses. The Plaintiff concludes that its counsel has a duty to zealously represent it.

The Defendant filed a Reply [Doc. 34] arguing that it prevailed in this action and that the damages it seeks were incurred as a direct result of the Plaintiff's breach of contract by filing this case in the wrong forum. In addition, the Defendant submits that attorney's fees must be awarded as a matter of equity. The Defendant also avers that the Plaintiff's refusal to heed the Court's clear message justifies an award of attorney's fees. Finally, the Defendant argues that the duty to zealously advocate for the client does not abrogate the client's duty to act reasonable and not vexatiously.

**III.  ANALYSIS**

The Defendant requests $29,037.95 in legal fees and costs that it incurred in litigating this action. In the alternative, the Defendant requests that the Court award $11,857.00 in costs and fees that it incurred after the Court's Order dated June 16, 2015. For the reasons more fully explained below, the Court recommends that the Defendant's requests be denied.

The contract states, "*In the event of a breach* of this Agreement and mediation, arbitration, or litigation results, the party substantially prevailing (as determined by the mediator, arbitrator and/or court) shall be entitled to recover from the other party its reasonable attorneys' fees, costs and expenses." (Emphasis added). The District Judge, however, never opined on the merits of this case. In other words, the District Judge never issued a finding that there was a breach of the contract. The District Judge simply ordered the parties to mediate, and then arbitrate, the issue of whether there was a breach. Although the Defendant also argues that the Plaintiff breached the contract by filing the instant action, the District Judge explicitly noted that

4

the contract was ambiguous. Accordingly, legal fees and costs cannot be awarded on these grounds.

In the alternative, the Defendant requests that the Court order costs and attorney's fees it incurred after the Court's Order dated June 16, 2015. In support of its argument, the Defendant avers that fees should be awarded when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In addition, the Defendant argues that the Court unequivocally stated that it was enforcing the alternative-dispute resolution mechanism in the contract.

The Court finds that costs and attorney's fees are not appropriate. As mentioned above, the District Judge explicitly found that the contract at issue was ambiguous. [Doc. 20]. Specifically, the District Judge noted that the requirement to submit a dispute to mediation or arbitration was contrary to a later provision giving the Plaintiff the right *but not the obligation* to submit disputes to mediation or arbitration. The District Judge ultimately ordered mediation relying, in part, on Local Rule 16.4(a). Under these circumstances, costs and attorney's fees are not warranted.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that Defendants' Petition for Attorney's Fees [**Doc. 31**] be **DENIED**.

Respectfully Submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).